IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED WHOLESALE MORTGAGE, LLC, *Plaintiff*, | § § § § | |
| v. | § § | MO:25-CV-00566-DC-RCG |
| JORGE LOPEZ and THE UNITED STATES OF AMERICA, *Defendants*. | § § § § | |

**REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE**

BEFORE THE COURT is Plaintiff United Wholesale Mortgage, LLC's ("Plaintiff") Motion to Remand. (Doc. 7).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the facts and the relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 7).

## I.    BACKGROUND

On November 7, 2025, Plaintiff filed this action in the 385th District Court of Midland County, Texas, against Defendants Jorge Lopez and the United States of America ("Defendants"), seeking to foreclose on a residential mortgage and quiet title following an alleged default by the mortgagor. (Doc. 1-1). On December 11, 2025, the United States filed a Notice of Removal, asserting that this Court has original jurisdiction under the federal officer removal statute, 28 U.S.C. § 1442(a), which permits removal of actions filed in state court against the United States, its agencies, or its officers for acts undertaken under color of office. (Doc. 1 at 2). Plaintiff moved to remand, arguing that a consent order has relieved the United

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

States of further participation in the case and that all remaining defendants are Texas residents, defeating diversity jurisdiction. (Doc. 7).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A federal court therefore "cannot entertain cases unless authorized by the Constitution and legislation." *Coury v. Prot*, 83 F.3d 244, 248 (5th Cir. 1996). As a result, a defendant may generally remove a case only if the district court has original jurisdiction through either diversity of citizenship or existence of a federal question. *WMS, LLC v. Allied Prop. & Cas. Ins.*, 244 F. Supp. 3d 567, 570 (W.D. Tex. 2017). If removed, however, a party may move to remand. *Hill Country Villas Townhome Owners' Assoc., Inc. v. Everest Indem. Ins.*, No. 19-CV-0936, 2020 WL 373375, at *2 (W.D. Tex. Jan. 23, 2020) (citing 28 U.S.C. § 1447(c)). On a motion to remand, a court must consider whether removal to federal court was proper. Generally, removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "On a motion to remand, the removing party bears the burden of establishing that one of the bases of [federal] jurisdiction exists, and that the removal was not procedurally defective." WMS, 244 F. Supp. 3d at 570.

Here, the United States timely removed the case to this Court pursuant to the federal officer removal statute, which provides, in relevant part:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual

> capacity, for or relating to any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). As the Supreme Court has explained, "the purpose of this provision is to protect the lawful activities of the federal government from undue state interference." *St. Bernard Port, Harbor & Terminal Dist. v. Violet Dock Port, Inc., LLC*, 809 F. Supp. 2d 524, 529 (E.D. La. 2011) (citing *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)). "Because of its broad language and unique purpose, the federal officer removal statute has been interpreted to operate somewhat differently than the general removal provision." *Id.* "Unlike the general removal statute, which must be 'strictly construed in favor of remand,' the federal officer removal provision's broad language must be liberally interpreted." *Id.* (internal citation omitted) (citing *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147 (2007) ("[T]his Court has made clear that [§ 1442(a)(1)] must be 'liberally construed.'")). "Also unlike the general removal provision, there is no requirement in the federal officer removal provision that the district court have original jurisdiction over the plaintiff's claim." *Id.*; *Willingham*, 395 U.S. at 406.

## III.   DISCUSSION

In this case, subject matter jurisdiction is founded upon the federal officer removal statute. (Doc. 1 at 2). This statute permits, *inter alia*, the United States or any agency thereof to remove an action to federal district court when a civil action is commenced against it in state court. 28 U.S.C. § 1442(a). At the time of removal, the United States was a named defendant asserting a lien interest in the subject property, and removal under § 1442(a)(1) was proper. (*See* Docs. 1, 1-1). The subsequent entry of a consent order resolving the United States' interest, and the fact that the remaining parties may not be diverse, do not divest this Court of jurisdiction that properly attached upon removal. *See Sorrell v. Lakeview Reg'l Med. Ctr.*, No. CIV.A. 11-3084, 2012 WL 3109406, at *2 (E.D. La. July 30, 2012) ("That the United States was dismissed as a

party does not divest the Court of subject matter jurisdiction."); *IMFC Prof'l Servs. of Fla., Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 159 (5th Cir. 1982) ("[E]limination of the federal officer from a removed case does not oust the district court of jurisdiction").

Plaintiff's Motion to Remand, which relies solely on the asserted absence of diversity jurisdiction following entry of the consent order, does not demonstrate any defect in subject matter jurisdiction under § 1442(a)(1) or 28 U.S.C. § 1447(c). (Doc. 7 at 2); *see Willingham*, 395 U.S. at 406 ("[T]he right of removal under § 1442(a)(1) is made absolute . . . regardless of whether the suit could originally have been brought in a federal court."). Because removal under § 1442(a)(1) was proper and Plaintiff has identified no valid basis for remand, the Motion should be denied.

## IV.    RECOMMENDATION

In accordance with the discussion above, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **DENIED**. (Doc. 7).

SIGNED this 13th day of May, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

5